Shannon C. HORITA, Plaintiff—
Appellant,

v.

KAUAI ISLAND UTILITY COOPER-
ATIVE, a Hawaii corporation,
Defendant—Appellee.

No. 08–17166.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 14, 2009.

Filed Nov. 9, 2009.

Clayton Ikei, Jerry P.S. Chang, Law Office of Clayton C. Ikei A. Law Corporation, Honolulu, HI, for Plaintiff–Appellant.

Wayne S. Yoshigai, Esquire, Tamara M. Gerrard, Esquire, Kendra K. Kawai, Esquire, Torkildson, Katz, Moore, Hetherington & Harris, Honolulu, HI, for Defendant–Appellee.

Before: BEEZER, GRABER, and FISHER, Circuit Judges.

## MEMORANDUM *

Plaintiff Shannon C. Horita appeals the district court's decision to grant Defendant Kauai Island Utility Cooperative's motion for summary judgment in this employment-related diversity case.

We review de novo the district court's grant of summary judgment. *Dietrich v. John Ascuaga's Nugget,* 548 F.3d 892, 896 (9th Cir.2008).

■ 1. The district court properly held that Plaintiff had failed to file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of any discrete act of discrimination. 42 U.S.C. § 2000e–5(e)(1). The latest date on which Plaintiff learned definitively of her impending termination was October 5, 2005, the date of a second letter Defendant sent to Plaintiff. That letter clearly and unequivocally told Plaintiff that her position would be eliminated and that she could be re-employed by Defendant through a 60–day bidding process. The letter dated October 5, 2005, if not the earlier letter relaying the same message on September 28, 2005, was the adverse employment action that triggered the running of the 300–day statute of limi-

tations. *See Del. State Coll. v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (holding that the date on which the plaintiff learned of the defendant's denial of tenure, not the date on which the plaintiff became unemployed, was when the statute of limitations began to run). The fact that Plaintiff did not have evidence of a discriminatory motive until later does not change the outcome under a straightforward application of the statute of limitations. *See id.* (holding that "the only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the [adverse employment action] was made and communicated to [the plaintiff]").

■ 2. We do not reach Plaintiff's claims of equitable tolling or equitable estoppel, which could toll the running of the 300 days until mid-December when Plaintiff claims she first learned of discriminatory intent (and thus of her claim). The facts on which Plaintiff relies to make these arguments on appeal are in the record, but she did not make these claims explicitly to the district court. Had she done so, Defendant might have introduced evidence to dispute the equitable claims. Because Plaintiff failed to raise these claims below, we do not reach them now. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

■ 3. Plaintiff's argument that her claims for intentional or negligent infliction of emotional distress are subject to a two-year statute of limitations also fails. To the extent that Plaintiff is seeking to raise claims for intentional or negligent infliction of emotion distress for the first time on appeal, her claims are waived. *Id.; see also Hac v. Univ. of Haw.,* 102 Hawai'i 92,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

73 P.3d 46, 58–59 (2003) (holding that a tort claim for intentional infliction of emotional distress is distinct from a claim for emotional distress damages under the employment discrimination statute). To the extent that Plaintiff is arguing that the 180–day administrative filing period applicable to claims under Hawaii Revised Statutes section 378–2 does not apply when the plaintiff seeks emotional distress damages as a remedy for a violation of section 378–2, her argument fails. Notwithstanding the remedies sought, claims under section 378–2 are governed by a 180–day administrative filing requirement. Haw.Rev.Stat. § 368–11(c)(1); *Furukawa v. Honolulu Zoological Soc'y*, 85 Hawai'i 7, 936 P.2d 643, 654 (1997).

AFFIRMED.

FISHER, Circuit Judge, dissenting in part:

I respectfully dissent from part 2 of the court's decision. I would vacate summary judgment on Horita's Title VII claim because she has demonstrated a triable issue of equitable tolling or equitable estoppel that would make her Equal Employment Opportunity Commission (EEOC) charge timely. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir.1985) (holding we may consider an issue raised for the first time on appeal "when the issue presented is purely one of law and . . . depend[s] on the factual record developed below"). Assuming the employer's decision to terminate Horita became actionable no later than October 5, 2005, the employer's assurance that she would be reinstated if the human resources department remained in house tolled the filing period until she learned otherwise. *See Aronsen v. Crown Zellerbach*, 662 F.2d 584, 595 & n. 22 (9th Cir. 1981) (explaining that tolling or estoppel may apply where "the employer's conduct was found to hold out the possibility of

reinstatement or otherwise to 'lull' the employee into foregoing a timely filing").